FILED
 2013 Jun-06  PM 01:34
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| BONNIDE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:12-CV-03587-IPJ-RRA |
| | ) |
| KIM THOMAS, et. al., | ) |
| | ) |
| Defendants | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 13, 2013, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. The plaintiff has filed objections thereto.

In his objections, the plaintiff reasserts his argument that he and his fellow inmates have "been stripped of resources" in the prison library. (Doc. 14 at 3).  The plaintiff again complains that the deprivation of typewriters is "onerous," especially combined with the poor quality carbon paper that is provided, appears to argue that the lack of resources in the prison library amount to an Eighth Amendment violation, and challenges the Magistrate Judge's finding that a plaintiff first must show actual injury before seeking relief for access-to-court claims, again attempting to assert claims on behalf of other inmates in St. Clair Correctional Facility whom he alleges were injured in an unmeasurable way. (*Id.* at 3-5).  Additionally, the plaintiff clarifies that defendant Keith Cunningham is not an inmate law clerk, but a prison guard, who was the law library officer at the time the plaintiff brought this suit. (Doc. 14 at 8). The plaintiff asserts that Cunningham was instrumental in, among other things, implementing the denial of the inmates' access to typewriters. *Id.*

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the defendant's objections are due to be overruled, and the magistrate judge's report is due to be adopted and the recommendation accepted. While the resources available to the plaintiff at the law library in St. Clair Correctional Facility may not be as abundant or technologically advanced as he would like, and while it might be more difficult to prepare handwritten pleadings than to prepare them on typewriters or word-processing equipment, the conditions described by the plaintiff are not sufficient to state a claim of an Eighth Amendment violation. Further, the Court concurs with the Magistrate Judge's conclusion that the plaintiff has not sufficiently alleged a claim that he was denied access to the courts. Finally, as noted by the Magistrate Judge, the plaintiff's motion for class certification was denied and he therefore lacks the standing to raise claims on behalf of other inmates. The plaintiff's objection to that ruling, and all other objections not specifically addressed in this memorandum, are overruled.

Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A final order will be entered.

DATED this 6th day of June 2013.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE